** Summary ** AUTHORITY OF AIR POLLUTION CONTROL DIVISION OF DEPARTMENT OF HEALTH The Air Pollution Control Division of the State Department of Health has sufficient authority in the control of new contaminant sources to comply with required federal standards by July 31, 1972. The Attorney General has received your letter dated June 22, 1972, in which you ask the following question: "Does the Air Pollution Control Division of the State Department of Health have sufficient enforcement authority in the control of new contaminant sources to comply with required federal standards by July 31, 1972?" The principal federal legislation dealing with the problem of air pollution is found in Title 42 U.S.C.A. 1857, et seq., as amended, commonly known as the Federal Clean Air Act. This Act sets out extensive standards and authorities for the implementation of uniform national standards for air pollution prevention and control. Section 109 of the Act provides in part: "(a) (1) The Administrator — "(A) within 30 days after the date of enactment of the Clean Air Amendments of 1970, shall publish proposed regulations prescribing a national primary ambient air quality standard and a national secondary ambient air quality standard for each air pollutant for which air quality criteria have been issued prior to such date of enactment. . ." Despite the establishment of the minimum national standards, enforcement under the Act remains primarily with the States. Section 107, in part, reads as follows: "(a) Each State shall have the primary responsibility for assuring air quality within the entire geographic area comprising such State by submitting an implementation plan for such State which will specify the manner in which national primary and secondary ambient air quality standards will be achieved and maintained within each air quality control region in such State." Section 110 of the Clean Air Act sets out the general provisions for the submission and approval of the state implementation plans. Pursuant to this Section, a series of detailed "Requirements for Preparation, Adoption, and Submittal of Implementation Plans" was promulgated, and these now appear in Title 40, Code of Federal Regulations, Sections 51.1-51.32. Title 40 CFR, 51.11, requires that each plan shall set out the legal authority of the submitting state to enforce it. In addition, section 51.22 requires, in part, that: "Emission limitations and other measures necessary for attainment and maintenance of any national standard, including any measures necessary to implement the requirements of Section 51.11, shall be adopted as rules and regulations enforceable by the State agency." Oklahoma has enacted its own Clean Air Act, 63 O.S. 2001 [63-2001] — 63 O.S. 2003 [63-2003] (1971), both to provide for the implementation of federal requirements and the enforcement of environmental controls to fulfill its own particular needs. Pursuant to the authority of the Oklahoma Clean Air Act, 63 O.S. 2001-2003 [63-2001-2003], and the Administrative Procedures Act, 75 O.S. 301 [75-301] — 75 O.S. 325 [75-325] (1971), the Air Pollution Control Division of the State Department of Health has promulgated state regulations in order to meet the requirements of an implementation plan under the federal Act and the subsequent federal regulations. Your question specifically asks whether the Oklahoma regulations comply with the federal requirements relating to the control of new contaminant sources. These are set out in Title 40 CFR, 51.18 which requires that procedures be established which will: "enable the State to determine whether construction or modification of stationary sources will result in violation of applicable portions of the control strategy or will interfere with attainment or maintenance of a national standard." The Air Pollution Control Division has promulgated its Regulation No. 14 specifically to achieve compliance with Section 51.18. This institutes a permit system as a means of maintaining controls over new contaminant sources. While such a permit system is not required under Section 51.18, it appears to be particularly well suited to the requirements prescribed by the federal regulations. It should be noted, however, that Regulation 14 does not become effective until January 1, 1973, while under the applicable federal rules, suitable controls to fulfill the purposes of Section 51.18 are required to be in effect on July 31, 1972. The delay in implementing Regulation No. 14, thought to be in the interest of future administrative effectiveness, does not, of itself, leave the Oklahoma plan in non-compliance with Section 51.18. A close reading of the implementation plan as a whole makes it clear that the Department of Health will possess sufficient enforcement authority under other regulations to achieve full compliance under Section 51.18. In particular, Regulation No. 4, "Pertaining to the Registration of Air Contaminant Sources," provides such authority. This latter regulation provides for registration, not only of new sources, but of "any potential air contaminant sources." Under its informational requirements, it can be established whether a source is or will be in compliance with the standards set out in other parts of the implementation plan. The broad powers of enforcement provided for under the Oklahoma Clean Air Act will, of course, be available in the case of a violation under Regulation No. 4. These powers extend to the authority under 63 O.S. 2002 [63-2002](k) (1971) of the Department of Health to: "Bring appropriate court action to enforce final orders on determinations including obtaining injunctions or other proper relief in the district court of the county where any alleged violation occurs or relief is determined necessary. Such action shall be brought in the name of the State Department of Health of the State of Oklahoma." In addition to those powers under Regulation No. 14, 63 O.S. 2002 [63-2002](1) (1971) provides for broad emergency powers to be delegated to the Commissioner of Health. It states: "Emergency powers — Notwithstanding any other provision of this Act, the Commissioner of Health, upon receipt of evidence that a source of pollution or a combination of sources of pollution is presenting an immediate, imminent and substantial endangerment to the health of persons, shall take such action as may be necessary to abate the alleged pollution." There is thus no doubt that the Oklahoma implementation plan, as a whole, provides sufficient enforcement authority to achieve compliance with 40 CFR, 51.18, notwithstanding the fact that its Regulation No. 14 does not become effective until January 1, 1973. It is, therefore, the opinion of the Attorney General that your question should be answered in the affirmative. The Air Pollution Control Division of the State Department of Health has sufficient enforcement authority in the control of new contaminant sources to comply with required federal standards by July 31, 1972. (Michael D. Tinney)